UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TEKLEMARIAM HAGOS,

              Petitioner,

   v.

STATE OF WASHINGTON,

              Respondent.

Case No. C19-1379-RSM-MLP

REPORT AND RECOMMENDATION

      Petitioner Daniel Hagos is currently in custody at the Maleng Regional Justice Center in Kent, Washington. He has submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2019 King County Superior Court judgment. (Dkt. # 5-1.) Petitioner asserts a single ground for relief in his petition; *i.e.*, that the Seattle police fabricated probable cause for the third-degree assault charge on which he was convicted. (*Id*. at 5.) Petitioner indicates in his petition that he appealed his conviction, but that a decision on the appeal has not yet been rendered by the state courts. (*See id*. at 2.)

      A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged

REPORT AND RECOMMENDATION
PAGE - 1

violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it appears clear from the face of the petition that Petitioner has not properly exhausted his claim for relief in the state courts, his petition is not eligible for federal habeas review.

Accordingly, this Court recommends that Petitioner's petition for writ of habeas corpus, and this action, be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that Petitioner's application to proceed with this action *in forma pauperis* be denied as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 11, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 19th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge